## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MARIA CHAVEZ, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:22-CV-02322-ELR |
| | * | |
| HORIZON ACTUARIAL | * | |
| SERVICES, LLC, | * | |
| | * | |
| Defendant. | * | |
| | * | |

## O R D E R

On May 13, 2022, Plaintiff Maria Chavez filed this action against Defendant Horizon Actuarial Services, LLC in the United States District Court for the Northern District of California. See Class Action Compl. [Doc. 1]. Plaintiff asserts seven (7) state law claims, each of which is related to a November 2021 data breach at Horizon Actuarial Services, LLC. Id. ¶¶ 6, 46–140. On June 6, 2022, the Parties stipulated to the transfer of Plaintiff's action to this Court "[p]ursuant to 28 U.S.C. § 1404(a)[.]" [See Doc. 7 at 3–4]. On June 7, 2022, the Northern District of California approved the transfer of Plaintiff's action to this Court. [See Doc. 8]. This case was officially transferred on June 10, 2022. [See Doc. 10].

The Parties stipulated to the transfer of this case to this Court because six (6) other putative class actions related to the data breach that Horizon Actuarial Services, LLC announced earlier this year are already pending here. [See Doc. 7 at 3–4]. The Court previously consolidated those cases under the lead case, Sherwood v. Horizon Actuarial Services, LLC, Civil Action No. 1:22-CV-01495-ELR.[1]  See Sherwood, Civil Action No. 1:22-CV-01495-ELR, slip op. at 3–4, 7 (May 12, 2022); Ruiz v. Horizon Actuarial Services, LLC, Civil Action No. 1:22-CV-01924-ELR, slip op. at 3–4 (May 17, 2022). In stipulating to a transfer of this case, "[t]he Parties agree[d] that the interests of justice are best served by the consolidation of the instant matter with" Sherwood to "avoid[] unnecessary duplication of litigation." [See Doc. 7 at 4].

Federal Rule of Civil Procedure 42(a) allows a court to consolidate actions if they "involve a common question of law or fact." FED. R. CIV. P. 42(a)(2). "A district court's decision [of] whether to consolidate [actions] is 'purely discretionary.'" Eghnayem v. Bos. Sci. Corp., 873 F.3d 1304, 1313 (11th Cir. 2017)

---

[1] The Court notes that a seventh case related to the data breach at Horizon Actuarial Services, LLC is also pending before it. That case is different from the others in that it is brought on behalf of "[a]ll minor individuals in the United States whose PII was accessed or exfiltrated during the Data Breach of Horizon Actuarial Services, LLC in 2021" as opposed to "[a]ll persons in the United States whose personal information was accessed, compromised, or stolen as a result of the data breach announced by Defendant on or about April 13, 2022." Compare Class Action Compl. ¶ 73, Doe I v. Horizon Actuarial Services, LLC, Civil Action No. 1:22-CV-02358-ELR, ECF No. 1, with Class Action Compl. ¶ 36.

(quoting Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)).  In exercising its discretion,

> a trial court weighs several factors, including (1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the length of time and relative expense involved in conducting a single trial or multiple trials.

Blitz Telecom Consulting, LLC v. Peerless Network, Inc., 727 F. App'x 562, 570 (11th Cir. 2018).  "The law is clear that district courts are authorized to consolidate cases . . . *sua sponte*, without a motion from the parties."  Pigott v. Sanibel Dev., LLC, Civil Action Nos. 07-0083-WS-C, 07-0691-WS-C, 2007 WL 3245019, at *1 (S.D. Ala. Nov. 1, 2007) (collecting cases).

Here, the Court finds that consolidation of this case with Sherwood (and the cases consolidated thereunder) is warranted.  This case and Sherwood stem from the same data breach and thus involve similar factual issues.  Compare Class Action Compl. ¶¶ 1–30, with Class Action Compl. ¶¶ 1–14, Sherwood, Civil Action No. 1:22-CV-01495-ELR, ECF No. 1.  This case and Sherwood also involve common questions of law because the Plaintiffs in each of these cases bring the same or similar causes of action.  Compare Class Action Compl. ¶¶ 46–140, with Class Action Compl. ¶¶ 80–121, Sherwood, Civil Action No. 1:22-CV-01495-ELR, ECF No. 1.  Consolidating this case with Sherwood would thus ease "the burden on parties, witnesses, and the court."  See Blitz Telecom Consulting, 727 F. App'x at

3

570. Additionally, no Party will be prejudiced by consolidation. Though the Parties have not formally moved to consolidate this action with Sherwood, they represent to the Court that they are in favor of consolidation. [See Doc. 7 at 4].

For the reasons set forth above, the Court **CONSOLIDATES** this case with those already consolidated in Sherwood v. Horizon Actuarial Services, LLC, Civil Action No. 1:22-CV-01495-ELR. The Court **DIRECTS** the Parties to make any filings related to all of the consolidated cases only in Sherwood.

**SO ORDERED**, this 1st day of July, 2022.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia